IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERALD LEE BRUCE,

    Plaintiff,

v.                                          Civil Action No. 5:07CV76
                                                           (STAMP)
CITY OF WHEELING,
CITY OF WHEELING POLICE DEPARTMENT,
CHIEF KEVIN M. GESSLER, individually
and in his capacity as Chief of the
City of Wheeling Police Department,
OFFICER SCOT BARGER, OFFICER GUS KEPREOS
and OFFICER MELITE, individually and
in their capacity as officers of the
City of Wheeling Police Department,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT CITY OF WHEELING POLICE DEPARTMENT'S
RULE 12(b)(6) MOTION TO DISMISS AND DENYING DEFENDANTS'
MOTION TO DISMISS AS TO DEFENDANTS CITY OF WHEELING,
CHIEF KEVIN M. GESSLER, OFFICER SCOT BARGER,
OFFICER GUS KEPREOS AND OFFICER MELITE**

I.    Procedural History

The plaintiff, Gerald Lee Bruce, filed a complaint against the City of Wheeling, the City of Wheeling Police Department, and three Department police officers, asserting several claims, including civil rights violations under both the Fourth and Fourteenth Amendments of the United States Constitution, as well as under 42 U.S.C. § 1983, assault and battery, and intentional infliction of emotional distress, all stemming from an altercation on June 7, 2005.

The defendant City of Wheeling Police Department filed a motion to dismiss pursuant to Rule 12(b)(6) to which the plaintiff

replied.  The defendants also filed a motion to dismiss pursuant to Rule 12(b)(5) to which the plaintiff responded in opposition and to which the defendants replied.  For the reasons set forth below, the defendant City of Wheeling Police Department's motion to dismiss is granted, and the defendants' motion to dismiss pursuant to Rule 12(b)(5) is denied as to defendants City of Wheeling, Chief Kevin M. Gessler, Officer Scot Barger, Officer Gus Kepreos and Officer Melite.

## II.  Facts

In his complaint, the plaintiff, Gerald Lee Bruce, alleges that he was frequenting Wheeling Island in the City of Wheeling, West Virginia, when an altercation occurred among several individuals.  After members of the City of Wheeling Police Department responded to the altercation, the plaintiff alleges that he was seized by several of the defendant police officers and struck with a baton, an asp, or both.  The plaintiff alleges that he offered no resistance, provocation, or cause to instigate the defendant police officers' conduct.

The plaintiff filed the complaint in this civil action on June 7, 2007.  After the 120-day deadline for proof of service expired, however, this Court still had not received either proof of service or a statement showing good cause for failure to serve process within the 120-day period.  Thus, this Court issued an order stating, in pertinent part, that "plaintiff is hereby ORDERED to file proof of service or a statement showing good cause why service

has not been made on or before July 16, 2008." (Or. 1 (July 2, 2008.)) After the entry of this order, the plaintiff effected service on July 15, 2008.

### III. Applicable Law

A. Rule 12(b)(6) Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to

whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

B. Rule 12(b)(5) Motion to Dismiss

A motion to dismiss may be based upon the insufficiency of service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(c)(1) provides that the plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time requirements set forth under Rule 4(m). Rule 4(m), in turn, states that a plaintiff has a 120-day period after the filing of the complaint to effect service. A court, however, must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. Fed. R. Civ. P. 4(m).

IV. Discussion

A. Defendant City of Wheeling Police Department's Rule 12(b)(6) Motion to Dismiss

In its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant City of Wheeling Police Department states that the Circuit Court of Ohio County, West Virginia, has previously ruled that a plaintiff "may sue either the City <u>or</u> the subdivisions." <u>Judy Rice v. The City of Wheeling, et al.</u>, Mem of Op. and Order, p. 9, Civil Action No. 05-CAP-03 (emphasis added). Thus, because the City of Wheeling Police Department is a subdivision of the City of Wheeling, and because the City of Wheeling is a named party in this action, the defendant City of Wheeling Police Department argues that it should be dismissed from this action.

In his response to the motion to dismiss, the plaintiff states that he has no objection to the dismissal of the defendant City of Wheeling Police Department from this action. Accordingly, the defendant City of Wheeling Police Department's Rule 12(b)(6) motion to dismiss is granted without objection by the plaintiff.

B.  <u>Defendants' Rule 12(b)(5) Motion to Dismiss</u>

   1.  <u>Service of Process Generally</u>

The defendants filed a motion to dismiss for insufficient service of process, contending that the plaintiff's efforts to serve them with a copy of the complaint and summons do not comport with the requirements of Rule 4 of the Federal Rules of Civil Procedure, and that the plaintiff has not shown good cause for his failure to effect timely and proper service. Specifically, the defendants claim that each did not receive a copy of the complaint

and summons until the 120-day period prescribed by the Federal Rules of Civil Procedure expired.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a plaintiff must properly and timely serve a defendant with both a summons and a copy of the complaint or request that the defendant waive service. However, if a plaintiff shows good cause for failing to effect proper service of process upon a defendant within 120 days from the date that the complaint is filed, a court must extend the period for service for an appropriate time. Fed. R. Civ. P. 4(m).

The defendants argue that the plaintiff has failed to show good cause for failure to effect sufficient service of process, and therefore, this Court is required to dismiss the action. The defendants cite to case law, however, that is no longer applicable under the current version of Rule 4 of the Federal Rules of Civil Procedure that was amended in 1993 and again more recently in 2007. Accordingly, this Court believes that dismissal is neither required nor warranted at this time.

2. <u>Current Version of Rule 4 of the Federal Rules of Civil Procedure</u>

Prior to 1993, the Federal Rules of Civil Procedure required dismissal if a defendant was not served within the 120-day period absent showing of good cause. <u>See, e.g.</u> <u>Shao v. Link Cargo (Taiwan) Ltd.</u>, 986 F.2d 700, 708 (4th Cir. 1993) (applying Rule 4(j), the predecessor to Rule 4(m), of the Federal Rules of Civil

Procedure). The rule itself provided the court no discretion to extend the time for service if the plaintiff could not show good cause:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1993). In 1993, nonetheless, this rule was amended and redesignated as Rule 4(m). The amended rule states the following:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant <u>or direct that service be effected within a specified time</u>; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m) (emphasis added). The Advisory Committee Notes to the 1993 Amendment explain that the new rule designated as Rule 4(m) expressly requires courts to extend the period for service if the plaintiff shows good cause, and further, "authorizes the court to relieve a plaintiff of the consequences" of failing to timely and properly effect service "even if there is no good cause shown." Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment.

Most courts have held that the amendment substantively changes the rule's content by eliminating the good cause requirement,

giving courts discretion to extend the time for effectuating service even in the absence of good cause, and by requiring courts to extend the time for service for an appropriate time where the plaintiff does, in fact, show good cause. See Horenkamp v. Van Winkle and Co., 402 F.3d 1129 (11th Cir. 2005) (collecting cases). Moreover, in 1996, the United States Supreme Court observed, in dicta, that under the 1993 Amendment to Rule 4 of the Federal Rules of Civil Procedure, courts have discretion to extend the time for service even absent a showing of good cause. Henderson v. United States, 517 U.S. 654 (1996).

In 2007, the rule was once again amended. The Advisory Committee Notes to the 2007 Amendment state that the changes contained in the amended Rule 4 "are intended to be stylistic only" and are "part of the general restyling of the Civil Rules to make them more easily understood...." Fed. R. Civ. P. 4, Advisory Committee Note, 2007 Amendment. Thus, while the 2007 Amendment appears to contain no substantive changes to Rule 4(m) of the Federal Rules of Civil Procedure, it reads, in relevant part, the following:

> If a defendant is not served within 120 days after the complaint is filed, the court --on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant <u>or order that service be made within a specified time</u>. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

This Court acknowledges that a published opinion by the United States Court of Appeals for the Fourth Circuit has held that a district court must dismiss under Rule 4(m) of the Federal Rules of Civil Procedure in the absence of a showing of good cause for failure to effect timely service of process. Mendez v. Elliot, 45 F.3d 75, 80 (4th Cir. 1995). However, several factors suggest to this Court that Mendez v. Elliot, 45 F.3d at 75, is not applicable to this case.

First, the relevant events in Mendez occurred between April 26, 1993 and October 20, 1993. Because the 1993 Amendment did not become effective until December 1, 1993, the plaintiff in Mendez would have been subject to the pre-amendment version, Rule 4(j), which mandated dismissal absent a showing of good cause. Mendez, 45 F.3d at 78. In its decision, the Mendez court referred to the relevant rule as the renumbered "Rule 4(m)," but it noted that it did so "[f]or convenience." Mendez, 45 F.3d at 77 n. 1. Thus, although the Mendez court referred to the pertinent rule as "Rule 4(m)," the court's analysis appears to be based upon the content of the pre-amendment rule, Rule 4(j) of the Federal Rules of Civil Procedure.[1]

---

[1] The Fourth Circuit stated, without discussion, that "Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m), effective December 1, 1993." Mendez, 45 F.3d at 78. However, because the plaintiff was not subject to the amended rule in any event, analysis of the case did not require the court to compare the language of pre-amendment Rule 4(j) with the language of post-amendment Rule 4(m). Thus, this statement appears to have been necessary only to clarify the court's reference to Rule 4(m) and not to reach the holding of the case.

9

Second, the Fourth Circuit decided <u>Mendez</u> in 1995, prior to the Supreme Court issuing <u>Henderson v. United States</u>, 517 U.S. at 654, in 1996. Consequently, the Fourth Circuit did not have the benefit of the Supreme Court's commentary concerning the 1993 Amendment before deciding <u>Mendez</u>.

Third, the 2007 Amendment to Rule 4 was undertaken, in part, to ensure clarity. The most recent language of Rule 4(m) of the Federal Rules of Civil Procedure unambiguously vests courts with the discretion to dismiss or to order that service be effected within a specified time. If a plaintiff shows good cause, the court must grant an extension.

Finally, the Fourth Circuit, acknowledging the Supreme Court's commentary in <u>Henderson v. United States</u>, 517 U.S. at 654, has more recently stated in unpublished decisions that it believes Rule 4(m) permits a district court to extend the period of time to effect service even in the absence of a showing of good cause. <u>See Scruggs v. Spartanburg Reg'l Med. Ctr.</u>, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) (unpublished) (citing <u>Henderson</u>, 517 U.S. at 658 n. 5); <u>Giacomo-Tano v. Levine</u>, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999) (unpublished) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.") (citing <u>Henderson</u>, 517 U.S. at 658 n. 5); <u>Panaras v. Liquid Carbonic Indus. Corp.</u>, 94 F.3d 338, 341 (7th Cir. 1996); <u>Hendry v. Schneider</u>, 116 F.3d 446, 449 (3d Cir. 1997).

In light of the Supreme Court's observation in <u>Henderson v. United States</u>, the 2007 Amendment to the text of Rule 4(m) to make it more easily understood, the Fourth Circuit's unpublished post-<u>Mendez</u> decisions suggesting that the decision may no longer be applicable, and the weight of authority finding that Rule 4(m) of the Federal Rules of Civil Procedure permits courts to enlarge the time for service in the absence of a good-cause showing, this Court believes that a district court has discretion to enlarge the period for effecting service, even if the plaintiff has failed to show good cause.

3. <u>Applying Rule 4(m) of the Federal Rules of Civil Procedure</u>

Several factors may be considered in determining whether to grant an extension to a plaintiff who has not shown good cause. Included among those factors are whether a statute of limitations bar would preclude the plaintiff from re-filing, whether an extension will prejudice the defendant, whether the defendant had actual notice of the lawsuit, and whether the plaintiff eventually effected service. <u>Troxell v. Fedders of North America, Inc.</u>, 160 F.3d 381 (7th Cir. 1998).

In this case, the issue is not whether this Court should grant the plaintiff an extension to effect service. Rather, the issue currently pending before this Court is whether this Court already granted the plaintiff an extension to effect service by its July 2, 2008 order ("Order"). The Court's Order required plaintiff "to file proof of service or a statement showing good cause why service

11

has not been made on or before July 16, 2008." (Or. 1 (July 2, 2008.))

Pursuant to that Order, the plaintiff effected service on the defendants on July 15, 2008. The plaintiff now argues that because it is within the discretion of this Court to grant an extension of time to effect service of process, he interpreted this Court's Order to mean that he had until July 16, 2008, to either effect service of process and/or show good cause as to why service of process could not be accomplished. Because he effected service of process prior to July 16, 2008, the plaintiff argues that the defendants' motion to dismiss must be denied. In contrast, the defendants argue that this Court's Order meant that the plaintiff had until July 16, 2008, to file either the necessary paperwork proving that he had already served the defendants or a good cause statement to justify an extension.

This Court does not believe that its previous Order entered on July 2, 2008, was ambiguous. The Order stated that the 120-day deadline for proof of service had expired and that it had not yet received proof of service nor a statement showing good cause for failure to serve process within the 120-day period. Thus, this Court ordered the plaintiff that he had until July 16, 2008 to file the papers proving that service had already been effected or file a statement showing good cause for failure to serve process.

Despite this Court's belief that the Order was not ambiguous, however, this Court also understands how the plaintiff might have

interpreted the Order as granting him an extension of time to effect service, to which he complied. Therefore, irregardless of the plaintiff's failure to effect service within the 120-day period or submit a statement of good cause to justify an extension, this Court finds that service was proper under Rule 4(m) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment (Rule 4(m) of the Federal Rules of Civil Procedure "authorizes the court to relieve a plaintiff of the consequences" of failing to timely and properly effect service "even if there is no good cause shown."). Furthermore, this Court finds no evidence to suggest that the defendants would be unfairly prejudiced by this extension. Accordingly, the defendants' motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is denied.

## V. Conclusion

For the reasons stated above, the defendant City of Wheeling Police Department's Rule 12(b)(6) motion to dismiss is hereby GRANTED. The defendants' motion to dismiss pursuant to Rule 12(b)(5) is hereby DENIED to the extent that the motion seeks dismissal of defendants City of Wheeling, Chief Kevin M. Gessler, Officer Scot Barger, Officer Gus Kepreos and Officer Melite.[2]

IT IS SO ORDERED.

---

[2] Because the plaintiff has no objection to its dismissal, and because this Court herein grants the defendant City of Wheeling Police Department's 12(b)(6) motion to dismiss, the City of Wheeling Police Department has been dismissed from this action. See supra Part IV.A.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 29, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE