IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


GERALD LEE BRUCE,

        Plaintiff,

v.                                     Civil Action No. 5:07CV76
                                                         (STAMP)
CITY OF WHEELING,
CITY OF WHEELING POLICE DEPARTMENT,
CHIEF KEVIN M. GESSLER, individually
and in his capacity as Chief of the
City of Wheeling Police Department,
OFFICER SCOT BARGER, OFFICER GUS KEPREOS,
and OFFICER MELITE, individually and
in their capacity as officers of the
City of Wheeling Police Department,

        Defendants.


                    **MEMORANDUM OPINION AND ORDER**
                **GRANTING MOTION FOR LEAVE TO FILE ANSWER**

                           I.  Background

    The plaintiff, Gerald Lee Bruce, filed a complaint against the City of Wheeling, the City of Wheeling Police Department, and three Department police officers, asserting several claims, including civil rights violations under both the Fourth and Fourteenth Amendments of the United States Constitution, as well as under 42 U.S.C. § 1983, assault and battery, and intentional infliction of emotional distress, all stemming from an altercation on June 7, 2005.[1]

---

[1] On October 29, 2008, this Court entered a memorandum opinion and order granting the City of Wheeling Police Department's Rule 12(b)(6) motion to dismiss and denying the defendants' motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure to the extent that the motion sought dismissal of defendants City of Wheeling, Chief Kevin M. Gessler, Officer Scot Barger, Officer Gus Kepreos, and Officer Melite.

Currently before this Court is the defendants' motion for leave to file answer to which the plaintiff did not respond. For the reasons set forth below, the defendants' motion is granted.

## II. Applicable Law

Federal Rule of Civil Procedure 6(b)(1)(B) governs determinations of whether to extend the time for filing an answer and provides, in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect for purposes of Rule 6(b) of the Federal Rules of Civil Procedure should be determined by the individual circumstances of each case and, depending upon the circumstances, may include inadvertence by the responding party. See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993).

## III. Discussion

Under the particular circumstances of this case, the defendants have shown excusable neglect, and their motion for leave to file an answer should, therefore, be granted. The factors to be considered in deciding whether to allow a late filing under the excusable neglect standard of Rule 6(b) of the Federal Rules of Civil Procedure include: the danger of prejudice to the non-moving party, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was

within the reasonable control of the movant, and whether the movant acted in good faith.  See Pioneer, 507 U.S. at 395.

Here, the defendants incorrectly believed that they filed an answer following the denial of their motion to dismiss.  The defendants state that the parties have litigated this matter fully, that there is no surprise or prejudice with any of the admissions, denials, or defenses raised in the answer, and that the answer fairly represents the issues that the parties have litigated throughout the course of this matter.  Moreover, the defendants inform this Court that the plaintiff has no objection to the filing of the answer.

This Court finds that the plaintiff will not be prejudiced by permitting the answer to be filed.  Further, the impact on the judicial proceedings is minimal, if any.  The reason for the delay was a mistaken belief by the defendants' attorney, not any dilatory conduct by the defendants. These circumstances, therefore, warrant granting the defendants' motion.

## IV. Conclusion

For the reasons stated above, the defendants' motion for leave to file answer is hereby GRANTED.  The defendants are DIRECTED to separately file an answer identical to the answer attached as "Exhibit A" to their motion for leave to file an answer, Docket No. 53.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    November 2, 2009

<pre>
                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE
</pre>